NIEMEYER, Circuit Judge,
dissenting.
While I recognize that the parties’ communications with the district court and the other parties to the purported settlement agreement are not fully discernable, I am unable to find any evidence supporting the conclusion that Precision accepted the settlement agreement as proposed by the court. It is undisputed that Precision itself, as well as its insurer, agreed and represented to the court that Precision was willing to pay to the plaintiff the settlement amount proposed by the court. It is also undisputed, however, that within a couple hours of making this representation, Precision informed Shane Davis that its intent was to pay the whole settlement itself and to proceed against Shane Davis for indemnification. There is also evidence that Precision told the plaintiff that it had accepted the court-proposed settlement figure but that it intended to pay the full amount, rather than paying a mere portion of the amount as the court had proposed. The confusion in this case arises from the fact that when Precision represented to the court that it intended to pay to plaintiff the court-proposed settlement amount, the court “assumed that the case was settled as had been recommended” by the court, i.e., with both Precision and Shane Davis contributing a portion of the settlement amount to settle both plaintiffs claims against Precision and Precision’s third-party claims against Shane Davis. Within hours of its communication with the court, and after having spoken with Shane Davis and the plaintiff, Precision clarified to the court that its earlier commitment to pay plaintiff the court-proposed settlement amount was meant only to dispose of plain *179 tiffs claims against Precision, not Precision’s third-party claims against Shane Davis. In determining whether Precision manifested assent to the settlement agreement as proposed by the court, we have only the benefit of affidavits of the attorneys and the district court’s factfinding on transactions in which it was involved. But even on the district court’s rendition of what Precision reported to the court, a factfinder could not, in my judgment, find that Precision unconditionally accepted the court-proposed settlement agreement before its subsequent clarification of the limited scope of its agreement only to pay to plaintiff the court-proposed amount.
I would, accordingly, reverse.